Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-08-00834-CR

David Kendall **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-8695
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice

Delivered and Filed: January 6, 2010

AFFIRMED

A jury found appellant David Kendall Williams guilty of impersonating a public servant while on the campus of San Antonio College ("SAC"), and the trial court assessed punishment at six years' confinement.  We affirm.

**STANDARD OF REVIEW**

Each of appellant's issues on appeal arise under Texas Rule of Evidence 403. Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. This rule carries a presumption that relevant evidence will be more probative than prejudicial. *Long v. State*, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991). The rule requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Young v. State*, 283 S.W.3d 854, 877 (Tex. Crim. App. 2009).

We review the admission of evidence over a Rule 403 objection for an abuse of discretion. *State v. Mechler*, 153 S.W.3d 435, 439-40 (Tex. Crim. App. 2005). A court abuses its discretion when its ruling falls outside the zone of reasonable disagreement. *Id.* Any trial court error, other than a constitutional error, "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

**PHOTO LINEUPS**

In his first and second issues on appeal, appellant argues the trial court erred when it overruled his objections to the admission of two photo lineups. The photo lineups established prior identifications of appellant by two eyewitnesses: Rosalinda Almanza and Tammy Brooks. Almanza testified that on August 7, 2006, she was leaving work and heading for her car when she noticed appellant in the SAC parking lot. As a student approached appellant, Almanza testified "I heard

[appellant] say, I was waiting for you or I've been looking for you." As Almanza walked towards her car, which was located only a few parking rows from appellant and the student, she saw the student with his hands on the hood of a truck "[a]s if he was being frisked . . . ." Almanza then got in her truck and continued to watch appellant and the student. She saw appellant nudging, pushing, and walking in circles around the student. She testified she thought appellant was an undercover police officer. However, after the incident was over and the student walked away, Almanza became frightened and immediately drove to the campus police station, at which point she noticed appellant was in his vehicle behind her. Almanza then testified as follows:

> I walked in [to the campus police station] and said I need help. . . . And then [appellant] walked in and I just stood there. . . . [H]e came around me, said he needed to speak to somebody. And told them that he had seen some things going on in the parking lot and that he knew . . . what he was doing and he knew his rights and he needed to speak to somebody.

Almanza explained she was afraid of appellant because of what she witnessed in the parking lot. On redirect, the State asked Almanza about a detective who later came to visit her. She testified the detective took her statement and showed her a photo lineup from which she was able to identify appellant and on which she placed her initials over appellant's picture. Over appellant's objection, the trial court admitted the photo lineup into evidence.

The State then called Tammy Brooks. Brooks testified that on August 7, 2006, as she was leaving work and walking to her car, she saw a man in a white Ford F-150 yelling at a student. She identified the man as appellant, but she noted that he now "looks kind of different . . . ." She testified appellant was first yelling at the student from inside his truck but then "put the truck in park and jumped [out] of the truck and told the student something like don't get smart with me, and put your hands on the car." Brooks testified she saw the student "had his hands . . . on the hood of the

. . . car and his legs spread[] . . . like in a you're-under-arrest position," and she believed appellant to be law enforcement. The State asked if she had subsequently been contacted by law enforcement. She said she had, and the contacting officer had shown her a photo lineup from which she also was able to identify appellant. Over appellant's objection, the trial court admitted the second photo lineup into evidence. On appeal, appellant argues these two exhibits should have been excluded under Rule 403 because "[t]he probative value of the photo lineup is very weak, and there was no need for the State to place them into evidence" because both witnesses identified him in open court and his identity was not contested. Appellant therefore concludes the evidence was "completely cumulative," and the "very fact that a lineup was used must have impressed the jury that [appellant] was guilty."

In addition to the State presenting three witnesses, all of whom testified appellant was the person who confronted the student, appellant freely admitted he was the person involved. Because appellant's identity was not at issue, the photo lineups were cumulative. However, any error in admitting the photo lineups did not have a substantial and injurious effect or influence on the jury's verdict because the introduction of the photo lineups added little or nothing to the three witnesses' identification testimony. *See Landry v. State*, 706 S.W.2d 105, 109 (Tex. Crim. App. 1985) (although admission of photo lineups was improper corroboration evidence, photos could not have added more credibility to prior identification testimony because photos were merely redundant and, therefore, could not have influenced jury on issue of identification). Accordingly, any error was harmless.[1] *See* TEX. R. APP. P. 44.2(b).

---

[1] Because we assume without deciding the trial court erred, we do not apply the Rule 403 balancing factors. *See Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003) (setting forth factors to be considered).

## PRIOR CONVICTION

In his third issue on appeal, appellant argues the trial court erred when it overruled his objections to questions from the State about his prior conviction.[2] During his testimony, appellant stated both (1) that he was a "credible person" and (2) "[t]hat is my testimony and that's the truth." On cross-examination, the State asked appellant, "So tell this jury about your prior conviction as a felon," to which defense counsel objected. Outside the presence of the jury, appellant argued his Rule 403 objection but alternatively requested a limiting instruction on the prior conviction. The trial court overruled the Rule 403 objection, stating "I am going to allow the State to inquire, not go into the facts, please, because that's not why we're here but I will allow them to inquire briefly . . . ." The court granted the limiting instruction and instructed the jury upon its return that "the [evidence] of a criminal conviction is being offered for the limited purpose of assisting you, if it does, in assessing [appellant's] credibility." The State then asked appellant "about his conviction and time served at the Texas Department of Corrections on an aggravated assault with a deadly weapon case." On appeal, appellant argues "the evidence regarding [his] prior conviction was unfairly prejudicial, and . . . substantially outweighed any probative value" of his veracity for truthfulness because it only involved an August 2000 order revoking probation for a 1993 offense of aggravated assault with a deadly weapon. Appellant concludes his testimony about the conviction had the "serious potential to impress the jury that [his] criminal history was determinative of this case."

---

[2] Appellant admits in his brief he failed to preserve error under Texas Rules of Evidence 404(b) (evidence of other crimes, wrongs, or acts generally inadmissible as character evidence) and 609(b) (evidence of conviction generally inadmissible if more than ten years have elapsed since latter of date of conviction or release from confinement from same conviction). TEX. R. EVID. 404(b), 609(b).

When confronted with a Rule 403 objection, the trial court must balance the probative value of the evidence against the unfair prejudice of its admission. *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g); *Isenhower v. State*, 261 S.W.3d 168, 177 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In determining whether a trial court has erred in admitting evidence over a Rule 403 objection, we apply the following factors: (1) how compellingly the challenged evidence serves to make a fact of consequence more or less probable; (2) the potential the challenged evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent will need to develop the evidence; and (4) the force of the proponent's need for the evidence, i.e., does the proponent have other probative evidence available to him to help establish the fact of consequence. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

As to the first factor, the fact of consequence at issue is appellant's character for truthfulness. As the State admits in its brief, a "conviction for aggravated assault with a deadly weapon does not normally have the impeachment value of a case involving theft or any other crime of deception . . . ." *See Cuba v. State*, 905 S.W.2d 729, 734 (Tex. App.—Texarkana 1995, no pet.) (noting aggravated assault is not offense that usually involves truthfulness or deception, and thus is not one that would ordinarily bear heavily against witness's veracity). This factor, therefore, weighs "somewhat against admissibility." *See id.* As to the second factor, appellant's prior offense had little potential to impress the jury in some irrational but indelible way because the details of the prior offense were not admitted pursuant to the court's limiting instruction. Therefore, this factor weighs in favor of admission. As to the third factor, the State required very little time to question appellant about his prior conviction. The entire line of questioning and appellant's responses to those questions consisted of only a few pages within the record. As to the fourth factor, appellant put his

credibility into issue by taking the stand and declaring he was a "credible person" and "[his] testimony . . . [is] the truth." His defense relied on the truth and veracity of his own testimony that (1) he acted in the manner he did because he feared the student would "pummel" him, (2) the student "put himself up against [appellant's] truck," (3) the student put his own hands behind him, and (4) appellant never told the student he was a police officer. Thus, the State's need to counter appellant's story and call his credibility into question was high. However, appellant's prior conviction does not carry the same impeachment value of a case involving theft or any other crime of deception. *See id.* This factor, therefore, also weighs somewhat against admissibility.

In balancing the above factors, we conclude the trial court's decision to admit appellant's testimony was within the zone of reasonable disagreement. Therefore, we hold the trial court did not abuse its discretion by determining that the prejudicial effect of the evidence did not substantially outweigh its probative value under Rule 403.

### CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH